[S. F. No. 613.   Department Two.—December 22, 1900.]

DAVID JONES, Administrator, etc., Appellant, v. NEILS IVERSON et al., Respondents.

APPEAL FROM JUDGMENT—NOTICE—CERTAINTY.—Where there is but one judgment appearing in the record upon appeal, a notice of appeal "from said judgment made and entered in said action in favor of the defendants and against the plaintiff" is not ineffectual for uncertainty, in failing to give the date of the judgment or other identification thereof.

EJECTMENT—PLEADING—COMPLAINT—BROAD GENERAL AND SPECIAL DEMURRER.—Where the complaint, drawn by the plaintiff as a layman, appearing in his own behalf, states a cause of action in ejectment which is not the subject of a special demurrer, though it contains numerous other irrelevant allegations which

should be stricken out, and which are the proper subject of a demurrer especially addressed thereto, it is error to sustain a general and special demurrer to the entire complaint.

ID.—PROPER RULING ON DEMURRER.—The court should have overruled the general demurrer, and sustained the special demurrer only as to the objectionable parts of the complaint, which are obnoxious to the special demurrer, with leave to amend.

ID.—SPECIAL DEMURRER.—A special demurrer should be directed to specific portions of the complaint, and the grounds thereof should be specifically pointed out.

ID.—AMBIGUITY.—If enough appears to make the pleading easy of comprehension and free from reasonable doubt, a demurrer on the ground of ambiguity should be overruled.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Gillespie, Judge presiding.

The facts are stated in the opinion.

David Jones, Appellant, *in pro. per.*

J. A. Cooper, and L. G. Morse, for Respondents.

CHIPMAN, C.—Defendants demurred to the complaint on several grounds; the demurrer was sustained, and, plaintiff declining to amend, defendants had judgment, from which plaintiff appeals.

1. Respondents object to the consideration of the appeal on the ground of the insufficiency of the notice. It is as follows:

"[Title Court and Cause.]

"Please take notice that the plaintiff in the above-entitled action hereby appeals to the supreme court of the state of California from said judgment made and entered in said action in favor of the defendants and against the plaintiff."

The notice does not give the date of the judgment, nor identify it in any way, except by the statement as above given. If the record showed more than one judgment, or if it showed in addition to the judgment an order in the nature of a judgment, the notice might be ineffectual for uncertainty. But as there was but one judgment, to wit, the judgment on demurrer in favor of defendants and against the plaintiff, we think the notice was sufficiently definite to entitle appellant to be heard here.

2. The demurrer went to the sufficiency of the complaint and also specially set forth as grounds: Misjoinder of parties defendant; that several causes of action have been improperly united; that the complaint is unintelligible, uncertain and ambiguous.

The complaint was drawn by plaintiff and signed *in propria persona.* It is obvious that he is a layman with a very imperfect notion of what constitutes the statement of a cause of action in plain and concise language. Briefly, it is alleged in the complaint that one Evan Davis died testate in April, 1888, seised of certain land in Mendocino county, and plaintiff was duly appointed administrator of the estate of deceased, with the will annexed; that on May 3, 1892, "plaintiff was, ever since has been, and now is, the owner and seised in fee and entitled to the possession of that certain tract of land"—here follows a description of the land of which the complaint alleges ownership of deceased at his death, and also an additional tract not in the former description.

The complaint (paragraph 11) then sets forth that while plaintiff was such owner, possessed and entitled to possession of said land, the defendants wrongfully and unlawfully entered into and upon the said land and ousted plaintiff therefrom, and ever since have wrongfully and unlawfully withheld, and now withhold possession, etc., to plaintiff's damage in the sum of fifty thousand dollars.

Then follow some sixty odd folios of allegations of various incidents in the history of plaintiff and the said Davis, and their relations with sundry persons, and set forth certain litigation had by plaintiff and said Davis with sundry persons, that apparently have nothing whatever to do with the cause of action set out in the first eleven paragraphs of the complaint, and ought to have been stricken out on motion. The special demurrer seems to have been directed to this portion of the complaint, although it in terms applies to the entire complaint, and might, as to the matters referred to, have been sustained. But we think there is a cause of action stated in the earlier part of the complaint, which must be held to be sufficiently pleaded as against a general demurrer, and is equally good against the special demurrer.

The rule is well established that a general demurrer directed to the whole of the complaint should be overruled, if some portion of the complaint states a cause of action. A special demurrer is, or should be, directed to specific portions of the complaint, and the grounds should be specifically pointed out. The grounds for the special demurrer in the present case are not pointed to any particular paragraph or paragraphs, but are directed to the whole complaint. But the first eleven paragraphs state a cause of action, and, separated from the succeeding paragraphs, are not obnoxious to the special demurrer. We must look to these succeeding paragraphs to ascertain the grounds for the special demurrer. It may be admitted that these subsequent matters are wholly foreign to the cause of action stated in the first part of the complaint; it may be that, as to these foreign and irrelevant matters, there would appear misjoinder of actions and parties, and unintelligibility and ambiguity of statement; still, as the demurrer is to the whole complaint and there remains a good cause of action elsewhere stated, it was error to sustain the demurrer.

If enough appears to make the pleading easy of comprehension and free from reasonable doubt, a demurrer on the ground of ambiguity should be overruled. (*Whitehead v. Sweet,* 126 Cal. 67; citing *Salmon v. Wilson,* 41 Cal. 595.) In *Weaver v. Conger,* 10 Cal. 234, the court said: "The complaint was very loosely drawn and contains much useless verbiage; but, taking it altogether, the facts stated were sufficient to sustain an action. The demurrer was to the whole complaint; and, not being good as to all, was properly overruled." In that case there was a general demurrer, and a special demurrer for misjoinder of causes of action. (See, also, *People v. Morrill,* 26 Cal. 336.)

Where the special demurrer is to the whole complaint, the rule should be the same as in the case of a general demurrer to the whole complaint. If in a portion of the complaint there is stated a good cause of action, free from ambiguity or uncertainty, or which, in short, is not amenable to any of the grounds urged in the special demurrer, it is error to sustain the demurrer as to the entire complaint. It would seem that the redundant and irrelevant matter, to which the special demurrer was directed in this case, could have been reached better by a

motion to strike out. However this may be, the court should have overruled the general demurrer and should have sustained the special demurrer as to all that part of the complaint following the first eleven paragraphs, with leave to amend. If plaintiff had in such case persisted and refused to amend, there would be some reason for sustaining a judgment against him on the demurrer.

The judgment should be reversed, but as the transcript is stuffed with matters having nothing to do with the case, plaintiff should recover no more than one-fifth of the costs of appeal.

Haynes, C., and Smith, C., concurred.

For the reasons stated in the foregoing opinion the judgment is reversed, plaintiff to be allowed one-fifth of the costs of the appeal.　　　　　Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.