[Civ. No. 722.    Second Appellate District.—November 22, 1909.]

## LACY MANUFACTURING COMPANY, a Corporation, Respondent, v. LOS ANGELES GAS AND ELECTRIC COMPANY, a Corporation, Appellant.

ACTION FOR VALUE OF LABOR AND MATERIALS—COMPLETION OF WORK AFTER TIME LIMITED—ACCEPTANCE—PLEADING—INDEBITATUS ASSUMPSIT.—A complaint in an action to recover for labor and materials furnished by plaintiff to the defendant in the erection of gas generators, which alleges that they were erected at defendant's request under a written contract requiring them to be completed within

thirty days, but they were not so completed, and the work was continued thereafter with the knowledge and under the supervision of the defendant, who accepted them, took possession of them when completed, and continued to use the same, and alleging the reasonable value of the labor and materials furnished, states a cause of action in *indebitatus assumpsit.*

ID.—IMPLIED CONTRACT.—When the generators were completed and delivered by the plaintiff to the defendant, whether in time or not, or whether in accordance with the contract or not, and the defendant accepted them, the law implied that the work and material furnished in their construction would be paid for by the defendant.

ID.—FURTHER CAUSE OF ACTION BASED UPON WAIVER AND ESTOPPEL— OBJECTION TO MISJOINDER NOT URGED.—The fact that the complaint also set forth other allegations relating to the acts of the defendant upon which plaintiff relied to excuse the delay, evidently intended to support a recovery on the theory that defendant had waived the time limit, and was estopped by his own acts to take advantage of the delay, cannot affect a recovery on the common count, where no objection was taken to a misjoinder of causes of action, or to the failure to state them separately, and no motion was made to strike out either as surplusage or redundant matter.

ID.—IMPROPER SPECIAL DEMURRER.—A special demurrer addressed to the complaint generally, on the ground of uncertainty, was properly overruled.

ID.—GROUND OF RECOVERY IMMATERIAL.—Under the allegations of the complaint it is immaterial whether the evidence of the work which plaintiff did for defendant was under the contract, or in modification of it. The defendant, having accepted the work, must pay for it.

ID.—EVIDENCE—WORK DONE IN COMPLETION.—Evidence showing that the work was done in the completion of the generators, which defendant accepted, was admissible.

ID.—VARIANCE NOT OBJECTED TO—WAIVER.—A variance not objected to is not ground for reversal; and by failure to call the trial court's attention thereto by proper objection, it is waived.

ID.— COUNTERCLAIM FOR DAMAGES — INSTRUCTIONS.— Instructions requested by plaintiff, dealing with the right of the defendant to recover upon its counterclaim for damages for delay in furnishing the generators, that if the changes in the plans and delay in their completion were the acts of the defendant it cannot recover, were correctly given, and an instruction requested by defendant, making an improper assumption as to the effect of certain causes of delay, as matter of law, was properly refused.

ID.—EVIDENCE UNDER QUANTUM MERUIT — REASONABLE VALUE — PRICE UNDER SPECIAL CONTRACT.—In an action based on a *quantum meruit* for the value of what is done under a special contract, the price

agreed upon in the contract is evidence of the value of materials furnished and services rendered under the contract.

ID.—RULE OF DAMAGES FOR BREACH OF CONTRACT.—Damages for the breach of an obligation arising from contract will be given only for such detriment to the aggrieved party as is proximately caused by the breach, or which in the ordinary course of things would be likely to result therefrom.

ID.—DAMAGES FROM DELAY IN PERFORMANCE—OVERLOADING OF PLANT BY DEFENDANT—INSTRUCTION.—Under the rule of damages for breach of contract stated in section 1366 of the Civil Code, injury caused, during a period of delay in performance of the contract, by the overloading of the uncompleted plant by the defendant is not proximately caused by the breach of the contract; and it was not error to instruct the jury that the mere fact that the injury and the breach were contemporaneous, or the former subsequent to the latter, did not establish that the injury was the result of the breach.

ID.—EFFECT OF FAILURE TO RECORD CONTRACT.—The failure to record the contract does not render it void as between the parties thereto.

ID.—RULE AS TO QUANTUM MERUIT—EXCEPTIONS.—Though it is a general rule that where work is done under a special contract, the contract must be completed before any action of *quantum meruit* will lie, yet the exceptions from that rule are where something has been done under the special contract, but not in strict accordance with its terms. In such case, *quantum meruit* will lie for the reasonable value of the benefit received, subject to recoupment for damages, for the breach of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Geo. H. Hatton, Judge.

The facts are stated in the opinion of the court.

Wm. A. Cheney, Frank C. Vaughn, Herbert J. Goudge, and Le Roy M. Edwards, for Appellant.

Oscar A. Trippet, and Shankland & Chandler, for Respondent.

TAGGART, J.—This is an action to recover the sum of $10,992.50 for labor and material furnished by plaintiff in the erection of a set of gas generators for the defendant. Judgment was for plaintiff, and defendant appeals from the judgment and from an order denying its motion for a new trial.

The matters presented as error are based upon the assumption that the action is on the contract under which the work was begun, but we do not think this is the only form of action stated in the complaint. It is alleged that the generators were erected at the request of defendant under a written contract requiring the work to be done within thirty days from date; that they were not completed within that time, but that plaintiff continued the work of constructing them after the expiration of the time with the knowledge and under the supervision of the defendant, and when they were completed, fifteen days after the time limit of the contract, defendant accepted them, took possession thereof, and has ever since used them for the purpose for which erected. These allegations, together with the further allegation of the reasonable value of the labor and material furnished contained in the complaint, state a cause of action in *indebitatus assumpsit.* When the generators were completed and delivered by the plaintiff, whether in time or not, whether in accordance with the contract or not, and the defendant accepted them, the law implied that the work and material furnished in their construction would be paid for by the defendant. The trial court properly instructed the jury upon this theory of plaintiff's cause of action. While there are also allegations in the complaint relating to the acts of defendant, upon which plaintiff relied in excuse for the delay in completing the generators within the agreed time, these do not detract from the statement of a cause of action on the common count. They were no doubt intended to support a recovery upon the theory that defendant had waived the time limit in the contract and was estopped to take advantage of the delay because due to defendant's own acts, but plaintiff's right of recovery was not limited to this cause of action.

There was no demurrer on the ground that these causes of action were improperly united, or that they were not separately stated, and no motion was made to strike out either as surplusage or redundant matter. There was a special demurrer to the complaint on the ground of uncertainty, which was overruled, but this ruling is not urged as error here. It was addressed to the complaint generally and was properly overruled. (*Jones* v. *Iverson,* 131 Cal. 104, [63 Pac. 135].) The answer of defendant denies all the allegations of the complaint, except that which alleges the execution of the

contract, and sets up a counterclaim of damages for injury sustained by defendant because the work was not completed in the time specified in the contract. The right of plaintiff to recover the value of the generators is recognized in the pleading filed by defendant by crediting it upon the damages claimed.

All the issues presented in the complaint by the allegations relating to the excuses for delay and those setting forth the changes and modifications of the contract in connection therewith are raised by defendant's counterclaim and the denials which the statute interposes to the affirmative allegations therein contained. Twenty-seven special issues or interrogatories were submitted to the jury covering these matters and the injuries alleged to have been sustained by the defendant and the findings upon all were in favor of plaintiff, in whose favor a general verdict for $11,826.09 was also rendered.

The view of the complaint so taken renders it immaterial whether the evidence of the work which the plaintiff did for defendant was under the contract, or in modification of it. The defendant accepted the work and must pay for it. Evidence showing what work was done in the completion of the generators which defendant accepted was admissible. This renders it unnecessary to distinguish the authorities cited to support appellant's contention that there was a variance. It also disposes of the objection that evidence showing the reasonable value of the work done was improperly admitted, and the error predicated upon refusing to give instruction No. XV, requested by defendant, which is based upon the same theory of the action as the other objections mentioned.

There was, however, no objection to the introduction of the evidence which appellant complains of as an attempt to modify the original contract by parol. The references in the opening brief of appellant are to matters elicited upon the cross-examination of plaintiff's witness, Wm. Lacy, by defendant's counsel, and to the direct examination of Richard H. Lacy, and in neither instance was there objection, exception or motion to strike out. The same matter is testified to by Wm. Lacy elsewhere in the record without objection. If we were considering this matter upon the same theory as appellant, the variance would not be a ground for reversal. By its failure to call the trial court's attention to the matter by proper

objection it was waived.  (*Cushing* v. *Pires,* 124 Cal. 665, [57 Pac. 572].)

Instructions VIII, IX and X, requested by plaintiff, were properly given.  They deal with the right of defendant to a judgment on its counterclaim upon the theory that if the changes in the plans and the delay in the completion of the generators were the acts of defendant, it cannot recover. These instructions correctly declare the law.  Neither was the refusal of the trial court to give instruction VI, requested by defendant, error.  The proposed instruction assumes that a provision in the contract for the adjustment of the contract price, according to whether or not the labor and material furnished in erecting the generators exceeded or fell below that necessary to construct certain other generators named in the contract, justified the court in saying as a matter of law that the changes made and the causes of delay occurring either before or after the expiration of the contract time, were presumed not to extend the time within which the contract was to be completed, unless there was an express stipulation to that effect.

Instruction XI, given at request of plaintiff, finds support in *Adams* v. *Burbank,* 103 Cal. 646, [37 Pac. 640], that in an action on a *quantum meruit* for work done under a special contract the price agreed upon in the contract is evidence of the value of material furnished and services rendered.  Instructions XV and XXII correctly declare the rule of damages as stated in section 3300 of the Civil Code.  Damages for the breach of an obligation arising from contract will be given only for such detriment to the aggrieved party as is proximately caused by the breach, or which, in the ordinary course of things, would be likely to result therefrom.  This would not necessarily include injury caused by the overloading of its plant by defendant during the time of delay in waiting for the completion of the work done by plaintiff.  It was not error to instruct the jury that the mere fact that the injury and the breach were contemporaneous or the former subsequent to the latter did not establish that the injury was the result of the breach.

The contention that the contract was void because not recorded as provided by section 1183 of the Code of Civil Procedure, could not be sustained as between the parties to the contract, if it were necessary to decide this question (*Los*

*Angeles Pressed Brick Co.* v. *Higgins,* 8 Cal. App. 514, [97 Pac. 414, 420]), but as the plaintiff did not recover on the contract a decision of the question is not required upon this appeal. The general demurrer was properly overruled because a cause of action based upon a *quantum meruit* was properly pleaded.

The action before us comes within the rule so clearly laid down in *Dermott* v. *Jones,* 23 How. (U. S.) 220, by Justice Wayne: The general rule of law is that while a special contract remains open—that is, unperformed—the party whose part of it has not been done cannot sue in *indebitatus assumpsit* to recover compensation for what he has done until the whole is completed. But the exceptions from that rule are in cases in which something has been done under a special contract, but not in strict accordance with that contract. In such a case the party cannot recover the remuneration stipulated for in the contract because he has not done that which was to be the consideration of it. Still, if the other party has derived any benefit from the labor done, it would be unjust to allow him to retain that without paying anything. The law, therefore, implies a promise on his part to pay such remuneration as the benefit conferred is really worth; and, to recover it, an action in *indebitatus assumpsit* is maintainable. In such an action, the defendant may be allowed by way of counterclaim or setoff to recoup himself in damages for injuries or detriment sustained by him because of plaintiff's failure to comply with the obligations imposed upon him by the contract.

In this view of the action there is no reversible error in the record, and the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.