# C. MERCED & COMPANY, Plff.,

*v.*

# VILLAMIL, Dft.

San Juan, Law, No. 1067.

### ADVICE OF COUNSEL IN ATTACHMENT.

**Wrongful Attachment—Advice of Counsel.**

A defense of having acted upon the advice of counsel is inadmissible in an action for damage resulting from an improper attachment, but such defense may be set up in an action of malicious prosecution.

Opinion filed December 14, 1915.

*Messrs. José L. Pesquera* and *Jos. Anderson, Jr.,* for plaintiff.

*Mr. T. D. Mott* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint as originally drawn sought punitive damages. By amendment this element was omitted, but the allegations of

NOTE.—As to effect of advice of counsel on liability for exemplary damages in suing out attachment for collection of debt only, see note in 29 L.R.A.(N.S.) 281.

As to effect on advice of counsel as defense to action for malicious prosecution, see notes in 18 L.R.A.(N.S.) 49; 39 L.R.A.(N.S.) 207.

C. Merced & Co. v. Villamil.

malice were not struck out. In the answer filed is an allegation that the defendant consulted with a competent attorney, and in filing suit acted accordingly. A demurrer is now filed to the answer as to allegations as to consulting counsel, because this would not be a defense where only compensatory damages are asked, as in the complaint.

1. It has been decided in Porto Rico that under § 1803 of the Civil Code as to negligence and fault a plaintiff is liable in damages where he obtains an attachment which is afterwards dissolved. Lowande v. Otero, 14 P. R. R. 554. The fact that attachment was sued out on the advice of counsel is under no circumstances a defense to a claim for actual or compensatory damages. 4 Cyc. 861; Kennedy v. Meacham, 18 Fed. 312. The Supreme Court of Porto Rico in Lowande v. Otero, supra, held that acting under the direction of counsel was no defense in that case, which was a suit on the attachment bond. Id. p. 558.

In some jurisdictions advice of counsel may be shown in mitigation of actual damages. 68 Am. St. Rep. 276, note.

2. The case at bar, however, does not in its present form come within this principle. There are a number of allegations setting out malice and malicious prosecution, which the plaintiff says were accidentally left in his complaint after striking out the matter of punitive damages. He seeks to have these disregarded under the principle of surplusage. Bouvier's Law Dict. s. v. This principle, however, is hardly applicable where the question is of proper construction of the pleading. McCusker v. Walker, 77 Cal. 208, 212, 19 Pac. 382. It is an old rule that pleadings are construed more strongly against the pleader, and where, as here, it is a question whether the suit is for malicious prosecution or on an attachment bond, it is improper to disregard distinct alle-

gations which point to malicious prosecution. The plaintiff says that he will amend by striking out these allegations, but until that is done they must be given their fair meaning. In a suit for malicious prosecution the advice of counsel is important as a defense. Under some circumstances it is a complete justification. Bouvier's Law Dict. s. v. Malicious prosecution.

As the case stands at present, therefore, the demurrer must be overruled.

It is so ordered.