## ADAIR v. JAMES M. PETERSON BANK.

No. 3806. Decided December 20, 1922. (211 Pac. 683.)

1. GARNISHMENT—A WRONGFUL GARNISHMENT IS A BASIS FOR DAMAGES. A mere wrongful garnishment furnishes the basis of an action for damages in trespass or case.

2. GARNISHMENT—COMPLAINT IN ACTION FOR DAMAGES HELD NOT DEMURRABLE AND ITS ALLEGATIONS SUFFICIENT TO PERMIT RECEPTION OF EVIDENCE UPON WHICH COURT BASED FINDINGS. Where a complaint alleged that by reason of the wrongful attachment plaintiff's reputation for honest dealing was injured, and that he was obliged at great expense and chagrin to call upon holders of his checks to explain their dishonor, *held* as against the general demurrer, the allegations of damages were sufficiently explicit to advise defendant of the general nature of plaintiff's claim, and to permit the admission of evidence upon which the court based its findings of money expended by plaintiff in procuring a release of the garnishment, and the value of his time devoted to having the garnished funds released.

3. ATTACHMENT—TRAVELING EXPENSE, HOTEL BILLS, AND EXPENSE

OF TIME LOST IN PROCURING A RELEASE OF WRONGFUL ATTACH-
MENT HELD RECOVERABLE. Traveling expenses, including hotel
bills, and the value of time devoted to procuring a release of
a wrongful attachment, are recoverable by the person against
whom the attachment has been sued out.

4. GARNISHMENT—PROOF OF ATTORNEY FEES, EXPENDED IN OBTAIN-
ING RELEASE OF GARNISHMENT, HELD NOT ADMISSIBLE IN ACTION
FOR DAMAGES, WHEN NOT SPECIALLY PLEADED. Where a com-
plaint contained no allegation that plaintiff employed and
agreed to pay counsel for services in procuring a release of a
wrongful garnishment, nor any averment under which proof of
an attorney's fee was admissible, the introduction of testimony
relating to attorney fees was erroneous.

5. NEW TRIAL—WHERE JUDGMENT ERRONEOUSLY INCLUDED ITEM OF
$20 FOR ATTORNEY FEES, NEW TRIAL SHOULD HAVE BEEN ORDERED,
UNLESS PLAINTIFF CONSENTED TO A REDUCTION OF JUDGMENT.
Where a complaint contained no averments permitting the in-
troduction of evidence as to attorney fees expended, and an
item therefor of $20 was included in the judgment, the trial
court, in passing on the motion for new trial, should have re-
quired plaintiff to remit the $20 from the amount of the judg-
ment, and, in case of the refusal, granted a new trial.

Appeal from District Court, Sixth District, Sevier County;
*Jos. H. Erickson,* Judge.

Action by William Adair against James M. Peterson Bank.
Judgment for plaintiff, and defendant appeals.

AFFIRMED ON CONDITION.

*Nephi J. Bates,* of Richfield, and *C. W. Collins,* of Salt
Lake City, for appellant.

*Bean & Hunt,* of Richfield, for respondent.

WEBER, J.

Plaintiff brought suit against defendant to recover dam-
ages for wrongful garnishment. The case was tried to the

court without a jury.    From a judgment in favor of plaintiff defendant appeals.

After the usual matters of inducement the complaint in substance alleges:    That on March 14, 1919, plaintiff had credit to his account in the Richfield Commercial & Savings Bank in the sum of $102.90, at which time there was pending in the justice's court at Richfield, Utah, an action wherein the James M. Peterson Bank was plaintiff and George R. Adair, William B. Adair, J. Adair, and Archie Adair were defendants, in which judgment had been entered in favor of the James M. Peterson Bank and against J. Adair and George R. Adair.    That upon motion of the defendant James M. Peterson Bank, appellant here, prior to March 14, 1919, execution was issued in the aforesaid action in the justice's court against J. Adair and George R. Adair, also a writ of garnishment directed to the Richfield Commercial & Savings Bank.    That on March 10, 1919, said writ was served, and on March 12, 1919, the garnishee answered the interrogatories in the writ of garnishment thus:

"No; not to above-named parties.  G. R. Adair has credit subject to check, $30.37;  William Adair has credit subject to check, $102.98."

That the plaintiff, respondent here, was not a party defendant in the action in the justice's court.    That after the garnishee had made answer as aforesaid appellant filed in the justice's court in the action therein pending an affidavit and undertaking for attachment, after which, all at the instigation of appellant, writ of attachment was duly issued and served on the Richfield Commercial & Savings Bank. That in said writ said bank was commanded "not to pay any debt due  *  *  *  to the said defendants as above named or under the name of William Adair, G. R. Adair, or either of them," but to retain possession, control, etc.    That in said writ of attachment was the following interrogatory:

"Are you in any manner indebted to defendants, or either of them, either in property or money, and is the same now due?  If not due, when is the same to become due?  State fully all particulars."

To which the reply made by the garnishee was:

"G. R. Adair—deposit subject to check, $30.37. William Adair —deposit subject to check, $102.90."

That thereafter the Richfield Commercial & Savings Bank refused to honor checks drawn upon respondent's account in that bank, and the attachment and garnishment continued in force against respondent for many months, whereupon respondent filed a petition in intervention in the justice's court, asking that the attachment and garnishment be dissolved, after which hearing was duly had and an order made by the justice setting aside the writ of garinishment and releasing the attachment so far as the respondent herein was concerned. That before respondent was advised of the attachment of his funds he issued checks in the aggregate sufficient to cover the amount of deposit, and transferred them in the regular course of business, payment of which was refused by the Richfield Commercial & Savings Bank because of said attachment, by reason of all of which respondent was injured in reputation and damaged, etc.

It is argued by appellant that, the garnishment being wholly wrongful and void, no legal right of respondent was invaded. In their brief counsel say:

"It cannot be said that by inserting the name of William Adair in the body of the writ of garnishment he was in any manner made a party to the proceedings for the reason that he was in no manner a party to the action. To do so would be to say that the court by virtue of the writ attempted to reach the money of a stranger to the suit."

It is true that the Richfield Commercial & Savings Bank was at all times liable to the plaintiff for the money withheld from him, but that is no defense for this appellant. We do not agree with the courts that hold that a person's money may be wrongfully garnished, and that when he is put to trouble and expense by the one who did the wrong the wrongdoer may say:

"I acted entirely without the pale of the law, and therefore should not be held liable for my acts because I did not act maliciously."

We prefer to accept the rule that obtains in a majority of the jurisdictions that—

"A mere wrongful garnishment furnishes the basis of an action for damages in trespass or case." 28 C. J. p. 542.

In the complaint it is alleged:

"That by reason of said wrongful attachment plaintiff's good business name and reputation for honest dealing was injured and greatly impaired, and he was obliged to, at great inconvenience and expense, make a trip from his home in Tropic to Richfield, Utah, a distance of 150 miles, to arrange with the said Richfield Commercial & Savings Bank to take care of the checks aforesaid, and was also obliged at great expense and inconvenience to call upon the holders of said checks and explain the cause of the dishonor of said checks. He was also greatly humiliated and chagrined, all to his damage in the sum of $500."

As against the general demurrer interposed to the complaint, these allegations of damage were sufficiently explicit to advise defendant of the general nature of plaintiff's claim, and to permit the admission of evidence upon which the court based its finding of the amount of money expended by plaintiff in going to Richfield to procure a release of the garnishment and the value of his time devoted to having the garnished funds released. The view that 2, 3 traveling expenses, including hotel bills, and the value of time devoted to procuring the release of a wrongful attachment, are recoverable by the person against whom the attachment has been sued out is supported by the decided preponderance of authority. 6 C. J. 542; *Kennedy* v. *Meacham* (C. C.) 18 Fed. 312; *Higgins* v. *Mansfield,* 62 Ala. 267; *Damron* v. *Sweetser, Caldwell & Co.,* 16 Ill. App. 339; *Hayden & Smith* v. *Sample,* 10 Mo. 215; *State ex rel. Cole* v. *Shobe,* 23 Mo. App. 474; *Tyler* v. *Safford,* 31 Kan. 608, 3 Pac. 333.

The court also allowed $20 attorney fees, which plaintiff had agreed to pay for legal services in the court of the justice of peace. The introduction of the testimony relating to the attorney fees was objected to as immaterial and irrelevant. The objection should have been sustained. The complaint contains no allegation that plaintiff employed and agreed to pay counsel for services in procuring the release of the garnishment. Nor does it contain any 4 averment of general damages under which proof of

an attorney fee was admissible. While an attorney fee necessarily expended by the plaintiff in obtaining a release of the garnishment was recoverable by the plaintiff (*St. Joseph Stockyards Co.* v. *Love,* 57 Utah, 450, 195 Pac. 305; 28 C. J. 544) proof thereof was inadmissible under the averments of the complaint. The weight of authority is that attorney fees, expended in relation to an attachment or garnishment, are special damages that must be pleaded. 6 C. J. 519.

In passing on the motion for a new trial the court should have required respondent to remit the $20 from the amount of the judgment and, in case he refused to do so, to have granted a new trial. *Foulger* v. *McGrath,* 34 Utah, 86, 95 Pac. 1004. It is therefore ordered that, in case the respondent shall file with the clerk of this court, within 20 days after notice of this decision, his consent to remit the sum of $20 as of the date the judgment was entered, the judgment will stand affirmed, each party to pay his own costs on appeal; otherwise the judgment is reversed, and a new trial granted, in which event appellant shall recover its costs on appeal.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.