HOPE, The (FALLIAGE v.). See Case No. 4,626.

HOPE, The (SKRINE v.). See Case No. 12,927.

HOPE, The (WILLIAMS v.). See Case No. 17,721.

---

## Case No. 6,681.

### In re HOPE MIN. CO.

[1 Sawy. 710.] [1]

District Court, D. Nevada. Oct. 25, 1871.

CONSTRUCTION OF LIEN LAW OF NEVADA—EFFECT OF REPEAL AFTER LABOR DONE — AMENDMENT OF CLAIM BY SETTING UP A SECURITY — WHEN ALLOWED.

1. Hauling quartz to a quartz mill is "performing labor for carrying on the mill." The lien is acquired by the performance of the work, and not by filing the notice, etc.

[Cited in Gould v. Wise, 3 Pac. 34.]

2. The repeal of the law after the lien has attached, by performance of work, does not defeat the lien.

[Cited in Brooke v. McCraken, Case No. 1,-932; Tinker v. Van Dyke, Id. 14,058.]

[Cited in Garneau v. Port Blakeley Mill Co. (Wash.) 36 Pac. 463.]

3. Where a creditor, without any fraudulent intent, has, in ignorance of his rights, proved a secured claim as unsecured, he will be allowed to amend by setting up his security.

Petition of a creditor in bankrupt proceeding for leave to amend proof of his claim by setting up lien.

M. S. Stone, for petitioner.

W. E. F. Deal, for respondent.

HILLYER, District Judge. This is a petition filed by one J. A. Waddell for leave to amend the proof of his claim by setting out as security therefor a laborer's lien. Omitting such portions of the lien law as do not bear upon this case, it reads: "All persons performing labor for carrying on any mill shall have a lien on such mill for such work or labor done." St. Nev. 1869, p. 61. The mill upon which a lien is claimed, is one for crushing quartz and separating the precious metals therefrom, and the labor performed by petitioner was hauling quartz for the bankrupt to be crushed in this mill. This, it is said, is not "performing labor in carrying on the mill;" but I think it must be so considered. These laws always receive a liberal construction in favor of the laborer's lien. The labor of hauling quartz to a mill of this character is indispensable to carrying it on, and the language of the statute will not have to be strained in the least to

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

include within its terms the person performing such labor.

Another point is made upon the repeal of the law. The labor in this case was performed while the laws of 1861 and 1869 were in force, and before the commencement of proceedings in bankruptcy; but the notice and account required by the statute to be filed with the county recorder, were not filed until after the proceedings in bankruptcy were begun, and the laws of 1861 and 1869 had been repealed. On the fourth of March, 1871, the legislature passed a law which embodied all the old laws in relation to mechanic's liens, extended their provisions to a few objects not before included, and repealed all former laws on the subject, without any clause saving rights acquired under those laws. It is now claimed that the lien of the petitioner was lost, because he failed to file his notice with the recorder before the repeal of the laws under which it accrued.

In the case of Sabin v. Connor [Case No. 12,197], decided in this court, and recently affirmed on appeal to the circuit court, it was held that the lien given by these statutes was acquired by the performance of the labor, and that filing the notice and bringing suit within the time prescribed, were merely means to be used to preserve the lien and make it available; that where as in this case the legislature had in one act consolidated all the old laws on the subject of mechanic's liens, and repealed the former laws, the new act was to be considered as substituted for and continuing in force the provisions of the old laws, rather than to have abrogated and annulled them,—citing Steamship Co. v. Jolliffe, 2 Wall. [69 U. S.] 450, and Wright v. Oakley, 5 Metc. (Mass.) 400,—and that if it were otherwise, it must be held that the effect of the repeal was to blot out the old laws "as completely as if they had never been enacted," and the repealing act itself would be void so far as it impaired the obligation of the defendant's contract by taking away from him all remedy for its enforcement. These principles are decisive in this case. The laws in force at the time the petitioner made his contract and performed the labor under it, were part of the contract. These laws gave him a lien upon the mill as a security for the wages of his labor, and when this lien is taken from him nothing of any value remains of the obligation of his contract. McCracken v. Hayward, 2 How. [43 U. S.] 608; Bronson v. Kinzie, 1 How. [42 U. S.] 311; Smith v. Morse, 2 Cal. 524; Quackenbush v. Danks, 1 Denio, 128.

But the assignee insists that, admitting the petitioner had a lien, he has waived and surrendered it by proving his claim without reference to his security, and he relies on the cases of Stewart v. Isidor [5 Abb. Pr. (U. S.) 68], and In re Bloss [Case No. 1,562]. In both of these cases the decision turned upon the language of the twenty-first section of the bankrupt act [of 1867 (14 Stat. 526)], which declares in express terms that a creditor, by proving his claim, discharges and surrenders all unsatisfied judgments, and proceedings commenced. This case arises under section twenty of the act, which contains no language like that in section twenty-one. I presume that whenever it appears that a creditor has proved his secured claim as an unsecured one, intending thereby to share in the general assets and avail himself of his lien also, or with any other fraudulent intent, the court will compel such creditor to surrender his lien to the assignee. But in this case, any presumption of fraud is entirely overcome by the facts. The petitioner proved his claim in ignorance of the existence of his lien, and as soon as he discovered the mistake, has asked leave to amend his proof. Intending no fraud and being mistaken as to his rights, the petitioner should not be held to have waived or surrendered his lien. In re Brand [Case No. 1,809]; In re Clark [Id. 2,806]. The petition is granted.