[No. 7044.  Decided February 13, 1908.]

E. WRIGHT, *Respondent,* v. E. J. LAKE, *Appellant.*[1]

PLEADING—ISSUES AND PROOF—WORK AND LABOR.  Proof that services were performed and a bill rendered therefor, which was stated to be satisfactory, sustains a recovery either on contract or on a *quantum meruit* for the services.

MASTER AND SERVANT—DISCHARGE—NEGLIGENCE OF SERVANT.  The discharge of a superintendent of a dairy, employed for a four-year term, is justified upon the ground of negligence in the discharge of his duties, where it appears that, during the few months that he was employed, he left a wild colt attached to a wagon unhitched and unattended near a railway track, allowing the team to run away, on this and on a similar occasion no more favorable to him.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 16, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a contract of employment.  Reversed.

*Voorhees & Voorhees* and *Cullen & Dudley,* for appellant.

*A. E. Barnes* and *Willis H. Merriam,* for respondent.

RUDKIN, J.—On the 26th day of September, 1905, the plaintiff and defendant entered into a written contract whereby the plaintiff agreed to give his entire time and attention to the management of a dairy business, conducted by the defendant, for a term of four years from and after October 1, 1905, at a salary of $100 per month.  The plaintiff entered upon the discharge of his duties under this contract on the 1st day of October, and continued in the employ of the defendant until the evening of December 12, 1905, at which time he was discharged.  This action was thereafter instituted to recover the following items of damage:  (1) The sum of $4.70 for services performed by the plaintiff at the special instance and request of the defendant before entering upon the perform-

[1]Reported in 93 Pac. 1072.

ance of the written contract; (2) wages earned under the written contract prior to the discharge; (3) an item for board furnished a hired man under the written contract; and (4) damages for a wrongful discharge. A trial was had and the jury returned a verdict in favor of the plaintiff for the sum of $279.69. The court below remitted the sum of $3.33 from the verdict and rendered judgment for the residue. From this judgment, the defendant has appealed.

The second cause of action in the complaint was based on the $4.70 item above referred to. The complaint alleged that the respondent performed two days labor at the special instance and request of the appellant "at the agreed and reasonable wages" of $1.50 per day, and paid out $1.70 car fare in going to and from the place of work. On his direct examination the respondent was asked the reasonable value of these services, but an objection to the question was sustained on the ground that the complaint alleged an express contract. At the close of the respondent's case a motion for a nonsuit was interposed as to this cause of action, on the ground that the contract was not proved as alleged. The court allowed an amendment to the complaint to conform to the proofs, and denied the motion for nonsuit. The appellant still contends that the proof offered does not sustain a recovery either on contract or on a *quantum meruit*. The respondent testified that he performed the services, that he rendered a bill to the appellant for the amount claimed, and that the appellant stated that the bill was satisfactory. This testimony, in our opinion, fully warranted the submission of the question to the jury under either the original or amended complaint. It may seem that we have given undue importance to this small item, but several pages of the appellant's brief are devoted to a discussion of it. Doubtless some question of costs in the court below hinged upon its allowance.

There seems to be no conflict in the testimony as to the second and third items. The respondent entered the employ

of the appellant on the 1st day of October and was discharged
on the 12th day of December. The wages for this period at
$100 per month would aggregate $240, $97.13 of which is
admitted to have been paid. Board was furnished to a hired
man from October 9th to December 12th at the agreed price
of $10 per month. This item would amount to $22.12.

The only remaining question is the claim for damages for
the wrongful discharge. The appellant contends that the
discharge was justified for incompetency, for disobedience of
orders, and for negligence in the performance of duty. While
the testimony shows that the respondent had rather a super-
ficial knowledge of the instrumentalities usually employed in
the business in which the master was engaged, we are not pre-
pared to say that the discharge was justified on this ground
alone. The uncontradicted testimony also shows that the re-
spondent disobeyed the lawful commands of the master in
some minor matters, and we think some of the instructions of
the court were too favorable to the respondent as to his duties
in this regard, but for reasons hereafter stated this question
is not material.

We are of opinion, however, that the negligence of the
respondent in the performance of his duty was such as to
warrant the master in discharging him. It appears that he
suffered a team under his control to run away on two different
occasions during the short time he was in the appellant's em-
ploy. On the first occasion he left a wild colt attached to a
wagon unhitched and unattended within a few feet of a rail-
road track. A train passed by and the team became fright-
ened and ran away. He attempted to justify his conduct by
stating that it was not train time, that the train was a day
and a half late, but it seems to us that he placed too much
reliance on train schedules, and all the surrounding circum-
stances show conclusively that he was paying little heed to the
team or the passing train. On a second occasion, a few days
later, he suffered the same team to again run away under cir-

cumstances no more favorable to him. By these acts, which were manifestly negligent, he endangered not only the property of the master but the lives and property of others as well. Had injury resulted to third persons by reason of his negligence, the master would clearly be liable under the doctrine of *respondeat superior,* and we do not think that the law requires the master to incur such risks or keep such a servant in his employ. We arrive at this conclusion without hesitation from the testimony of the respondent himself.

The court should therefore have withdrawn this item of damage from the consideration of the jury, and for its error in that regard the judgment is reversed, and the cause is remanded with directions to enter judgment in favor of the respondent for the sum of $169.69, with interest from date of commencement of action.

HADLEY, C. J., DUNBAR, FULLERTON, CROW, ROOT, and MOUNT, JJ., concur.