## FOULGER v. McGRATH et al.

No. 1894.  Decided May 27, 1908 (95 Pac. 1004).

1. APPEAL AND ERROR—HARMLESS ERROR—NATURE AND FORM OF REMEDY.—Where a building contractor sued on an express contract for an agreed price for work, but with defendant's consent amended the complaint before the trial, by averring that such price was the reasonable value of the work, and the answer claimed that the reasonable value was less than that claimed by the contractor, and the case was tried on the theory that the action was based on *quantum meruit*, it was not prejudicial error to submit the case to the jury upon that theory, restricting any recovery to an amount not exceeding the contract price.

2. WORK AND LABOR—EFFECT OF EXPRESS CONTRACT.—Though a building contractor may not abandon a contract and recover more than the contract price upon a *quantum meruit*, where the stipulations have been departed from by consent of the parties, and it is doubtful whether the contract as a whole has been abandoned, he may sue upon a *quantum meruit*, leaving it to the owner to insist upon the contract to limit recovery to the stipulated price, or to claim damages for noncompliance with the contract, or the contractor may sue upon the contract and a *quantum meruit* in separate counts, or a contractor, on full performance by him, may sue to recover the amount due without specially declaring upon the contract.

3. CONTRACTS—SUBSTANTIAL PERFORMANCE.—Though a building contractor may not depart from the terms of a contract and recover as upon a *quantum meruit*, a substantial compliance therewith in good faith entitles the contractor to recover on the contract, with a right to the owner to recoup any damages sustained through the contractor's failure to literally comply with the contract.

4. EVIDENCE—EFFECT OF OPINION EVIDENCE—CONFLICT WITH OTHER EVIDENCE.—Though a conclusion stated by a witness may sometimes support a finding and judgment, it cannot do so where it is contrary to the facts established.

5. WORK AND LABOR—AMOUNT OF RECOVERY.—Though a building contractor suing on an express contract to recover for work can recover the full price, on showing compliance with the contract, and in the absence of proof of fraud, etc., on his part, where he relies on a *quantum meruit*, he can only recover the reasonable value of the work done, waiving any profits arising under the contract.

6. SAME—That the sum received from an insurance company by the owner of a building destroyed by fire to replace it exceeded the reasonable value of the new building does not entitle the contractor replacing the building to recover such sum in an action on a quantum meruit.

7. SAME—EVIDENCE—SUFFICIENCY.—Verdict, in an action by a building contractor to recover the reasonable value of work done, *held* excessive.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by Fred Foulger against John McGrath and another. The action was dismissed as to defendant John M. McGrath, and from a judgment for plaintiff, defendant Mary McGrath appeals.

AFFIRMED ON CONDITION PLAINTIFF CONSENTS TO REMIT PART OF JUDGMENT; OTHERWISE REVERSED AND REMANDED FOR NEW TRIAL.

*T. D. Johnson* for appellant.

*Joseph Chez* for respondent.

FRICK, J.

This is an action to recover a balance alleged to be due for the construction of a certain building with additions thereto. The respondent substantially alleges in his complaint that in January, 1906, he and the appellant entered into a written agreement, whereby respondent agreed to build, replace, and repair the house, kitchen, and wash room of the appellant, which were damaged and partially destroyed by fire, for the agreed price of $877, *and which is the reasonable value thereof.* The agreement is set forth in full in the complaint, and it is provided therein that respondent shall "build, replace, and repair the house, kitchen, and washroom and put all in good condition to the acceptance and approval of John McGrath and his wife for the sum of $877, to be paid from the insurance money when it

is handed over to them by the insurance company." It is further alleged that, in pursuance of said agreement, the respondent entered upon the construction of said buildings and completed them in March, 1906; that the appellant received the money from the insurance company in February, 1906; and that appellant had paid for labor performed and material used in said buildings the sum of $324.27, leaving a balance due to respondent of $552.73, for which he demanded judgment. Appellant answered and set up various defenses. She alleged that the contract mentioned in the complaint was obtained by misrepresentation and fraud practiced upon her and her husband by respondent; that the price fixed in the agreement was agreed to by her and her husband solely upon the representation of the respondent that it was reasonable; that neither of them knew, or had any information with regard to, the value of the material and labor necessary to reconstruct said buildings, and relied wholly upon the statements of respondent with respect thereto; and that the buildings were not constructed with proper material, were not in good condition, and had not been accepted. The only other averments in the answer which we deem material, in view of the state of the record, are as follows: "Defendants allege that all the work done by plaintiff in repair of the said house was not and would not be reasonably worth to exceed the sum of $400, even if the same had been done in a workmanlike way, and as in fact done it is reasonably worth, as defendants are informed and believed, and so allege the fact to be, not to exceed the sum of $324, which last-named sum," it is alleged, was paid for labor and material by the appellant. A trial was had to a jury, which resulted in a verdict in favor of respondent for the sum claimed by him against the appellant, upon which the court entered judgment, and she alone appeals.

Just before the trial commenced, respondent's counsel, with the consent of appellant's counsel, amended the complaint by interlining the words which we have italicized above, and which are as follows, "and which is the reasonable

value thereof," referring to the buildings that were constructed by respondent. With the complaint so amended, and without any objection, the parties proceeded with the trial, at which respondent's counsel proceeded upon the theory as if the action were based on *quantum meruit*, instead of upon an express contract. In view of this, respondent proved the reasonable value of the labor and material used in the construction of said buildings by himself and other witnesses, and upon cross-examination the reasonable value of all the material and the value and character of the work was gone into item by item by appellant's counsel. All this was done without objection by either party, and the case was tried upon the theory of reasonable value, although the contract was introduced in evidence. Appellant's counsel apparently relied upon this evidence of reasonable value, since he introduced no other evidence whatever in support of the averments in the answer. Respondent also introduced evidence tending to show that the buildings were completed, that they were in good condition, and that the workmanship and material were such as were usual in buildings of the character of those in question; and, further, that during the progress of the work no objection had been made by appellant or her husband to either of the workmanship or material, and that they had received the insurance money. It further developed at the trial that the appellant was the sole owner of the property, and that her husband had no interest therein. After respondent rested, appellant's counsel moved for a non-suit in favor of both the appellant and her husband. The motion was confessed by respondent's counsel as to the husband, presumably upon the theory that the action was not upon the contract, but upon a *quantum meruit* merely against the real owner of the property for the reasonable value of the buildings. The court, accordingly, dismissed the action as against the husband, and overruled the motion as to the appellant. It is now asserted that this ruling constitutes error. We think, for the reasons hereinafter stated, that there was no prejudicial error in overruling the motion. In any event,

the error, if such it was, is not, in view of the whole record, available to the appellant.

After overruling the motion for the non-suit, and the appellant having offered no proof in support of her answer, the court submitted the case to the jury upon the theory outlined in the following instruction: "The court charges you that the only question for you to determine in this case is what the work and material which the plaintiff furnished to the defendant Mary McGrath in the construction and repair of the house in question herein is reasonably and fairly worth, taking into consideration the character of the work and material and all the circumstances surrounding the transaction. The court charges you that the plaintiff is entitled to recover in this action the reasonable value of such work and material as determined by the above instruction. The court charges you that, by the admissions in the complaint in this action, the plaintiff has already been paid the sum of $324.27, and if you find from the evidence that the reasonable value of the work and material furnished by the plaintiff to the defendant Mary McGrath is less than that, or only equal to the amount already admittedly paid by the defendant, then the plaintiff is not entitled to recover in this action; but, if you find that the reasonable value of said work and material is greater than that amount, then the platintiff is entitled to recover the difference between what you find was the reasonable value of the work and material furnished by the plaintiff, less the amount which it is admitted has been paid; but in no event can your verdict be for more than $552.73." Appellant excepted to this instruction, and now urges that the court erred in submitting the case upon the theory that the action was one as upon *quantum meruit,* and not upon an express contract.

If the complaint alone were considered, there would be some force to the contention that the action was based upon an express contract, and that the cause of action stated was one to recover the amount stipulated in the contract for the construction and completion of the buildings, less the

amount paid by appellant; but when we consider the fact that respondent's counsel, with the consent of counsel for the appellant, made the amendment referred to to the complaint, and if, in connection with this, we consider that part of appellant's answer wherein she averred that the reasonable value of the buildings was much less than as claimed by respondent, and, further, that the cause was tried and all the evidence introduced was directed to the question of the reasonable value of the buildings, there is but little left for the contention to rest upon. Moreover, appellant practically abandoned all of the defenses set forth in her answer, except the one with regard to the reasonable value of the buildings, and this, so far as it was pursued by her, was done upon the cross-examination of respondent and his witnesses. The contention therefore now made by appellant that, in an action based upon an express contract, there can be no recovery as upon *quantum meruit*, is not applicable to the record in this case. Nor is the claim tenable that, where there is an express contract entered into between parties for the construction of a building, an action as upon *quantum meruit* to recover for labor performed and material furnished in erecting the building cannot be maintained. It is quite true that a party entering into a contract of this character may not abandon the contract and recover more than the contract price upon a *quantum meruit;* but there may be cases where the stipulations of the contract have been departed from either by the express consent of the parties or by implication through their conduct in making changes in materials, workmanship, or structure by reason of which it may become a matter of doubt whether the contract, as a whole, has been abandoned or not. In such cases the contractor may, in the first instance, sue as upon a *quantum meruit,* and leave it to the defendant to set up and insist upon the contract for the purpose of limiting the recovery to the price stipulated therein. The defendant may in such a case likewise insist that the stipulations of the contract remain in full force and have not been performed, and may demand damages for a

noncompliance with the terms of the contract. The contractor may, however, in such cases, also base his action upon both the contract and upon a *quantum meruit* by setting up the former in one count and the latter in another in his complaint. In all such cases a recovery by either party will be allowed in accordance with the facts developed at the trial and the law applicable thereto. Again, a contractor, in case the contract is fully performed, and nothing remains except to obtain payment, may sue to recover the amount unpaid without specially declaring upon the contract. These propositions have been discussed and passed upon many times by the courts, and are illustrated and applied in the following cases: *Todd v. Huntington,* 13 Or. 9, 4 Pac. 295; *Schwartzel v. Karnes,* 2 Kan. App. 782, 44 Pac. 41; *Board of Com'rs v. Gibson,* 158 Ind. 471, 63 N. E. 982; *Moore v. Gaus Sons' Mfg. Co.,* 113 Mo. 98, 20 S. W. 975; *Burgess v. Helm,* 24 Nev. 242, 51 Pac. 1025; *Wilson v. Smith,* 61 Cal. 209.

Undoubtedly, one may not depart from the stipulations of his contract, and then sue and recover as upon a *quantum meruit.* Neither is the contractor prevented from recovery upon a contract in case he has not literally complied with all the terms and conditions therein imposed. A substantial compliance, if made in good faith, and so as to make the thing contracted for useful and beneficial to the owner for the purposes for which it was intended and in compliance with the true intent and spirit of the contract, in most instances, is a sufficient compliance to permit a recovery upon the contract, with the right of the owner to recoup any damages he may have sustained by reason of the contractor's failure to literally comply with the terms of the contract. While the cases cannot all be reconciled, and the courts of some states adhere to one rule, while those of other states follow another, we think the trend of modern decision is to the effect as outlined above; but if we assume in this case that the complaint, when technically construed, declared upon an express contract, still, in view of the whole record, appellant was not prejudiced in any of her substantial rights. This

is well illustrated in the case of *Burgess v. Helm,* supra, by the Supreme Court of Nevada, where the complaint was directly based upon an express contract; but the evidence, as in this case, was limited to' and established a right of recovery upon a *quantum meruit* merely. In the syllabus of that case, which fairly reflects the decision of the court, the rule is stated thus:

"Where an action is brought for the price of services fixed by an express contract, and there is only proof as upon a quantum meruit, the variance between the pleading and the proof may be disregarded, and a recovery by plaintiff sustained, unless the defendant was misled thereby in his defense."

In Abbott's Trial Evidence (2 Ed.), 453, the author states the rule in the following language:

"Under an allegation of a contract to pay a specified rate of compensation, plaintiff may prove a promise to pay what the services were reasonably worth, or an implied promise to pay usual compensation. The variance is immaterial, if the defendant is not misled."

It is sometimes asserted that this rule applies only to contracts for personal services. The Supreme Court of Missouri, however, in *Moore v. Gaus Sons' Mfg. Co.,* supra, clearly demonstrates that such is not the case, and that the rule applies to building and other similar contracts. No doubt, if upon the trial the evidence were objected to as not relevant under the issues, and if it is not admissible under the allegations contained in the pleadings, then the evidence should be excluded, and, if admitted in such a case over the objection of the defendant, it might constitute reversible error; but if the evidence is admissible under the allegations of the complaint, or is not objected to, then the rule above announced should be held to apply. In this case the record makes it too clear for controversy that appellant was not misled. Indeed, this was the theory of the only affirmative defense she relied upon at the trial. True, she insists that the respondent did not prove that the contract had been fully performed, and that the buildings were constructed and completed "to the acceptance and approval of herself and

husband;" but the evidence is sufficient to authorize a recovery upon the theory upon which the case was tried and submitted to the jury by the court. In view of the whole record, we are persuaded that appellant was not prejudiced on the trial or by the submission of the case to the jury.

Appellant, however, further contends that, although it be held that the case was properly tried and submitted to the jury, nevertheless the verdict and judgment are not supported by the evidence, that they are contrary to law, and that the amount allowed by the jury is excessive. This contention, it seems to us, must, in part at least, be sustained. As we have seen, it is respondent's contention that the complaint, after the amendment, declared as upon *quantum meruit,* and not upon an express contract; that he tried the case and submitted it to the jury upon this theory. This contention we have attempted to sustain in what has been said. The question therefore arises: Is there any evidence from which the jury were authorized to find that the respondent was entitled to recover the amount found due by their verdict? In this regard the contractor who furnished the material and constructed the buildings testified as to the material and labor required in their construction, and that the buildings, after he had completed them, without painting and plumbing, and some other minor details, were of the reasonable value of $324.25. In fact, the contract under which he agreed to do the work was for $295 only. The difference between the two amounts last named was for some changes that were made by him. He also testified that there was some profit in 'the contract for him, but that he did not figure up what it was. The value of all other labor and material, exclusive of the $324.25, that was used in the building, after allowing for clearing away the debris of the old building after the fire, and including ten per cent. on the whole amount as compensation to the respondent for overseeing the work, as he called it, amounted to the sum of $289.35. This left a difference of $263.40, between the $552.73, claimed by respondent, and the reasonable value as testified to by him and his witnesses. When he was asked

what this was for, he answered: "That $263.40 was profit to me." It is true that there is one question in the record which called for a conclusion merely, wherein counsel asked respondent whether or not the buildings as completed were of the reasonable value of $877, and respondent answered in the affirmative. While a conclusion may, under certain circumstances, constitute sufficient evidence to support a finding and judgment, this cannot be so in cases like the one at bar, where the facts established at the trial are clearly contrary to the conclusion relied upon. If respondent had based his right of recovery upon the contract, and he had shown such a compliance with its terms and conditions as we have before stated to be sufficient in the absence of established fraud or misrepresentation, he would have been entitled to recover the full contract price, and the question of profit or loss would have been entirely immaterial; but he did not choose to rely upon his contract, but sought to recover as upon *quantum meruit,* for the reasonable value for what he had done for appellant. This being so, he is limited in his recovery to the reasonable value, as he proved it to be. When he had done this, then there was a balance of $263.40, for which he had done nothing at all which he called profit. To this so-called profit he was not legally entitled. If the evidence had shown that the reasonable value was equal to the contract price, then the respondent could have recovered the full amount. Again, if, as in some cases, there had been no proof of reasonable value, except the price fixed in the contract, that would be taken as the reasonable value; but the respondent could not sue as upon *quantum meruit,* for reasonable value, and then recover the profits he would have made upon the contract regardless of the reasonable value of what he had done. In suing as upon *quantum meruit* he waived the profits, if any, arising out of the contract, and was limited to the reasonable value, although such value was less than the contract price. In such a case the plaintiff surrenders his advantage to the defendant, in that the plaintiff may recover less than the contract price; but the defendant can-

not be required to pay more than that price for the thing specified in the contract, and may himself be heard upon the question of reasonable value. The only ground upon which respondent based his claim for the $263.40 is that as adjuster for the insurance company he figured the loss to appellant at about $877, and that the insurance company paid her that amount for the damage to the buildings by fire. He claimed that he had replaced and repaired the buildings. Hence he was entitled to the insurance money, and the jury gave it to him, regardless of the proof as to reasonable value. The mere fact that the appellant may not in good conscience have been entitled to the amount of insurance money she received for the damages to the buildings by the fire is not a valid reason why respondent should recover it back from her. Besides this there is $96 figured to fill some openings in the new building, which by direction of the appellant were not filled; but as this was at her request, and as there were other matters which to some extent at least compensated for this, we would not be inclined to review the findings of the jury in this regard, even though we had power to do so. Upon the excessive allowance of the $263.40 we are, however, compelled to pass judgment. There is absolutely no evidence to support the verdict for this amount. Indeed, the evidence is clearly to the contrary. The verdict and judgment to this extent therefore have no support.

In view of the whole record, we have concluded not to grant a new trial of the case unconditionally. In this respect we have concluded to do now what the trial court should have done in passing on the motion for a new trial, namely, to have required the respondent to remit from the amount of the judgment the sum of $263.40, and, in case he refused to do so, to have granted a new trial.

It is therefore ordered that, in case the respondent shall file with the clerk of this court, within twenty days after notice of this decision, his consent to remit from the judgment the sum of $263.40, as of the date the judgment was entered, the judgment will stand affirmed. Otherwise the

judgment is reversed, and the cause remanded to the district court, with directions to grant a new trial. Either way, appellant to recover costs on appeal.

McCARTY, C. J., and STRAUP, J., concur.