## HOLTZMAN v. BENNETT, Et Al.

### No. 2034

November 3, 1924.                           229 Pac. 1095.

1. Mechanics' Liens—No Variance between Form of Contract in Lien Statement and Allegations in Complaint.
   Where lien statement set forth terms of contract relied on, and complaint alleged that work was performed at request of defendants, the value of which they agreed to pay, there was no variance precluding recovery.

2. Mechanics' Liens—Lien Statutes Liberally Construed.
   Mechanics' lien statutes are liberally construed to effect their object and purpose.

3. Mechanics' Liens—Evidence of Contract Value of Services Held to Support Judgment on Quantum Meruit.
   Evidence of contract value of services, for which mechanic's lien is sought, will support judgment on quantum meruit.

4. Appeal and Error—Record Must Be in Proper Shape and Intelligible.
   It is incumbent on attorneys to see that record on appeal is in proper shape and intelligible.

5. Mechanics' Liens—Permitting Trial Amendment to Lien Statement to Conform to Proof Held without Error.
   Where oil was necessary to operation of mill, permitting trial amendment to lien statement to conform to proof that item was for services rendered in hauling oil, and not for goods sold and delivered, was not an abuse of discretion, in view of Rev. Laws, sec. 2217, amended by Stats. 1917, c. 41, as services were lienable.

6. Mechanics' Liens—Sustaining Lien on Sufficient Land for Future Operations of Mill Held without Error.
   Sustaining lien on sufficient land used in connection with mill of mine to allow for future operations of mill held without error.

7. Mechanics' Liens—Labor as Cook Held Not Basis for Lien on Mine.
   Cook doing no work in connection with operation of mine cannot assert lien, under Rev. Laws, sec. 2231.

8. Action—Suits to Foreclose Mechanics' Liens Should Be Consolidated.
   Suits against same defendant to foreclose mechanics' liens should be consolidated.

See (1, 2, 3, 5, 6, 7) 27 Cyc. p. 20, n. 26; p. 770, n. 26; p. 774, n. 41; p. 780, n. 92, 93; p. 781, n. 4; (4) 4 C. J. sec. 2124, p. 422, n. 59; (8) 1 C. J. sec. 327, p. 1129, n. 75.

APPEAL from Ninth Judicial District Court, White Pine County; C. J. McFadden, Judge.

Action by R. H. Holtzman against W. S. Bennett and

others. From judgment for plaintiff and order denying a new trial, defendants appeal. **Remanded, with directions to modify judgment, and for further proceedings. Rehearing denied.**

*A. Jurich* and *J. M. Lockhart,* for Appellants:

Causes of action in complaint are based on quantum meruit while lien notices set out express contracts. Evidence supports neither. Testimony is of stated account. When work ceased there was undetermined amount for wages and undetermined amount for board and commissary. Balances were submitted to and approved by lien claimants. This constituted account stated. Johnson v. Gallatin Co., 98 Pac. 883.

Variance between complaint and lien notice is fatal. Malone v. Big Flat Gravel Co., 18 Pac. 772.

Only such proof as establishes allegations of pleadings is admissible. Wheeler v. Schad, 7 Nev. 204; Carson River Co. v. Bassett, 2 Nev. 249.

Statement for mechanic's lien must be essentially true. Where lien claimed for labor and material and proof showed only labor, variance was fatal. Wagner v. Hansen, 37 Pac. 195.

"Performing labor for carrying on mill" means actual, manual labor in mill, and does not include services of cook. McCormick v. Los Angeles, 40 Cal. 185.

Ely Coal and Lumber Company claimed as materialman under Rev. Laws, 2213, and filed in accordance with Rev. Laws, 2217. Amendment was allowed under Rev. Laws, 2231 (which allows lien for performing labor), permitting claim for labor. Amendment was two years too late. Company initiated right to lien under 2213. If it desired to claim lien under 2231 it should have done so in first lien notice or in independent notice. Court erred in allowing amendment, which should be allowed only under 2217, to correct names, etc., and not to change charge from material to labor. What cannot be done directly should not be permitted indirectly.

*Chandler & Quayle,* for Respondent:

We refer to brief in companion case, Richmond Machinery Co. v. Bennett, 48 Nev. 286.

If variances did exist, they would not substantially have affected rights of appellants. However, alleged variances did not in fact exist. Proof showed express contracts were made as alleged. Subsequent happenings which might have justified suits on account stated did not show lien claims were untrue. Claim of lien must disregard subsequent account stated since statute requires claim of lien to state time, terms, and conditions of contract.

If complaint was ambiguous, defendant should have demurred.

Under allegation of agreed price and failure in proof thereof, evidence is competent to show reasonable value or usual compensation, not beyond amount alleged. After complete performance of express contract, there is no reason why recovery may not be had on quantum meruit, when opposite party has not been misled. Burgess v. Helm, 24 Nev. 242, which is not so strong a case as this on express contract.

Complaint may support recovery on quantum meruit or special contract, as facts disclose, particularly in absence of demurrer for uncertainty, etc. Lacy Mfg. Co. v. Los Angeles etc. Co., 106 Pac. 413; McClain v. Hutton, 63 Pac. 183; Castagnino v. Balletta, 23 Pac. 127, proof in which case would have justified action on account stated.

There is no variance where proof shows special contract or implied contract, as case may be. Bardwell v. Anderson, 32 Pac. 285; Lucas v. Rea, 102 Pac. 822.

Variance is immaterial where there is no difference between agreed price and reasonable value. Foulger v. McGrath, 95 Pac. 1004; Star etc. Co. v. Porter, 88 Pac. 497; Adams v. Burbank, 37 Pac. 640.

Variance shall not defeat lien unless fraudulent, intentional, or misleading. Rev. Laws, 2217. This provision distinguishes counsel's California citations.

Rev. Laws, 2231, provides for liens *for* construction,

repairing, or carrying on of any mill, not *upon* them as the California statute provides. McCormick v. Los Angeles, does not, therefore, apply. Labor of cook certainly was performed *for* carrying on of mill. Character of work is not closely scrutinized. If it has legitimate connection with general work of plant, it is sufficient. Malone v. Big Flat G. Co., 18 Pac. 772, quoted with approval in Maynard v. Ivey, 21 Nev. 241.

Group consists of sixteen contiguous, interdependent claims. Mill was to serve all. Court did not err in granting lien on four claims of group. Gould v. Wise, 18 Nev. 253; Salt Lake Hardware Co v. Chainman etc. Co., 137 Fed. 632.

Complaint and lien were properly amended as to claim of Ely Lumber and Coal Company since, by mistake, item was charged as material instead of haulage of oil. Variance was not fraudulent, intentional, or misleading to defendant. Rev. Laws, 2217. Service for hauling oil is lienable. In Re Hope Mng. Co., 1 Sawyer, 710.

## OPINION

By the Court, COLEMAN, J.:

This action was instituted to foreclose several mechanics' liens assigned to the plaintiff. Judgment was rendered in favor of the plaintiff as prayed in the complaint, from which, and from an order denying a motion for a new trial, an appeal has been taken. The facts will sufficiently appear from the opinion. The parties will be referred to as plaintiff and defendants as in the trial court.

1. The first error assigned is that there is a fatal variance between the forms of the contract stated in the lien statement, the allegations of the complaint, and the proof.

The lien statements set forth the precise terms of the alleged contract relied upon, whereas the complaint alleges that the work performed was so performed at the special instance and request of the defendants of

a definite value, which the defendants agreed to pay therefor.

2. There was no variance justifying the contention urged. Lien statutes are liberally construed in this jurisdiction with a view of effectuating their object and purpose. Ferro v. Bargo M. Co., 37 Nev. 139, 140 P. 528, and it is a well-recognized rule that, when the lien statement sets forth an express contract, and an implied contract is pleaded and proven, or vice versa, there is no such variance as will preclude recovery under the lien statement. Foulger v. McGrath, 34 Utah, 86, 95 P. 1004; Lucas v. Rea, 10 Cal. App. 641, 102 P. 822; Horton v. Emerson, 30 N. D. 258, 152 N. W. 529; Wright v. Lake, 48 Wash. 469, 93 P. 1072. See section 2217, Revised Laws.

3. It is next assigned as error that "the court erred in finding that the labor of the various claimants was performed at a reasonable value." In support of this assignment it is said in the brief of appellant:

"The liens all allege employment at a fixed rate of day pay, and the evidence of the witness Fuller also bears that out. The findings are certainly contrary to the evidence, for outside of the complaint, there is nothing in the record to indicate that defendants agreed to pay for said services whatever they were reasonably worth."

If we correctly interpret the brief of appellant, it simply contends that evidence of a contract value of services rendered will not support a judgment on a quantum meruit. Such is not the law of this state. Burgess v. Helm, 24 Nev. 242, 51 P. 1025.

4. Error is assigned to the ruling of the trial court relative to plaintiff's Exhibit 2. In reference to this assignment we may say that three companion cases are before the court on appeal growing out of the alleged indebtedness incurred by the defendants. The records in these three cases inclosed in one package, and a lot of exhibits contained in another package, were received by the clerk at the same time. These exhibits do not indicate in what case they were received in evidence,

and it is impossible for this court to determine. We find one document marked in one place, Plaintiff's Exhibit 2, and in another place, Plaintiff's Exhibit Q. The exhibit does not show on its face what it is for, or in what case it was used as an exhibit. It is not incumbent upon this court to draw upon its imagination, but it is incumbent upon attorneys bringing cases here to see to it that the record is in proper shape and intelligible. So far as we are able to say, there is no merit in the assigned error.

5. It is also contended that the trial court erred in refusing to strike from the evidence the lien claim of the Ely Lumber and Coal Company upon the ground that the proof shows that the last item of the claim was not for goods, wares, and merchandise sold and delivered, as stated in the lien statement, but was for services rendered in hauling oil. Section 2217, Revised Laws, as amended (Stats. 1917, p. 44, sec. 1), provides:

"Upon the trial of any action or suit to foreclose such lien no variance between the lien and the proof shall defeat the lien or be deemed material unless the same shall result from fraud or be made intentionally, or shall have misled the adverse party to his prejudice, but in all cases of immaterial variance the claim of lien may be amended * * * to conform to the proof."

The evidence shows that the original lien statement was introduced in evidence without objection. When it appeared from the evidence that there was a variance between the statement and the proof, the plaintiff sought and was permitted to amend the statement to conform to the proof. The only question is: Did the court abuse its discretion in the matter? If the services for which this item is sought to be made chargeable is one for which a lien might have been stated in the first instance, no error was committed. By section 2231, Rev. Laws, it is provided that all persons performing labor for the carrying on of any mill shall have a lien. Since oil is necessary in the operation of a mill, we think the item is one for which a lien may be asserted. In Re Hope Mine Co., 1 Sawy. 710, Fed. Cas. No. 6681.

6. It is also contended that the court erred in sustaining a lien upon too much land for use in connection with the mill. Counsel says the "testimony shows that only between 50 and 150 feet around the mill was required for its operation." The only testimony on this point is that given by the defendant McCulloch, who testified as follows:

"Q. Do you know the amount of ground necessary for the operation of such a mill as is on this ground, as is supposed to be? A. The dimensions of the mill covering all the machinery that is used is probably 60 by 205 feet.

"Q. How much additional ground would be necessary for the operation of that mill in your judgment? A. The mill would operate inside the building.

"Q. Yes, but the surrounding ground? A. Oh, it is hard telling. I can't tell.

"Q. Would you say 50 to 100 feet all around the building? Would that be sufficient for the operation of the mill? A. If the mill ran for ten years, no.

"Q. Well, we are talking about now? A. It wouldn't require any amount of ground around it to run it the way it is running now.

"Q. Well, suppose it was operating now. How much would it require? Would it require as much as fifty feet around? A. Yes, I believe 50 feet around would be sufficient."

The amount of ground shown to be necessary for the operation of the mill by the above testimony was estimated upon a basis of present needs. It made no allowance whatever for the future operation of the mill. Such is not a fair basis upon which the court could make an order for future operations.

As was pointed out by Judge Hawley in Salt Lake Hardware Co. v. Chainman etc. (C. C.), 137 F. 632, there must be ground for dumps, tailings, supplies, and for the convenient use and operation of the property. See, also, Gould v. Wise, 18 Nev. 253, 3 P. 30; Western Well Works, Inc. v. California Farms Co. et al., 60 Cal. App. 749, 214 P. 491. We perceive no prejudicial error in the matter complained of.

7. Error is assigned to the ruling of the court in

rendering judgment upon a claim for services performed as a cook. In support of this assignment our attention is directed to the case of McCormick v. Los Angeles Water Co., 40 Cal. 185, wherein it was held that there could be no lien for services rendered as a cook. It is contended, however, that the statute under which the lien is asserted in this case is different from the one therein construed. In this case it is sought to enforce the lien pursuant to section 2231, Rev. Laws, above alluded to. The case of Malone v. Big Flat G. Co., 76 Cal. 578, 18 P. 772, which is a case wherein it was held that a blacksmith was entitled to a lien for work done in sharpening picks, drills, etc., used in the mine, is cited in support of the contention. That decision was based upon a statutory provision to the effect that such tools should be deemed affixed to the mine. In view of this law, the work was done upon the mine itself. It is clear that this case is not in point. A lien cannot be asserted, except where authorized by statute. The cook did no work in connection with the operation of the mine, and can assert no lien. Clark et al. v. Beyrle et al., 160 Cal. 306, 116 P. 739.

8. It is also contended that the court erred in denying the motion to consolidate the actions to foreclose mechanics' liens against the defendants. We think this contention is well founded. As pointed out in the opinion on rehearing in Daly v. Lahontan Mines Co., 39 Nev. 14, 151 P. 514, 158 P. 285, suits to foreclose mechanics' liens against a defendant should be consolidated.

It is ordered that this case be remanded to the trial court, with directions that it modify its judgment in accordance with the views herein expressed, and that it further proceed in the premises in accordance with law and rules of practice in such cases made and provided, and, as so modified, it is ordered that the judgment be affirmed.

ON PETITION FOR REHEARING

December 13, 1924.

*Per Curiam:*

Rehearing denied.

## On Costs

February 9, 1925.                    232 Pac. 1081.

1. Costs—Where Several Parties Appeal, One May Recover Costs for All.

    Where several parties appeal jointly, they need not all join in affidavit as to costs, but each should be considered as agent of other in such matters, and one may recover for all, especially where attorney for one swore that he was better informed as to costs incurred, and it appears that he paid out all money expended or incurred.

See 15 C. J. sec. 655, p. 262, n. 24.

Opinion on appeal from ruling of clerk in taxation of costs. **Ruling modified.**

## OPINION

By the Court, COLEMAN, C. J.:

Appellants having prevailed in this action, a cost bill was filed, verified by A. Jurich, as attorney for Argus Mines Company, containing the following items:

| | |
|---|---:|
| County clerk's fee | $42.15 |
| Clerk of supreme court | 25.00 |
| Typing transcript | 215.45 |
| Typing briefs | 4.85 |
| Total | $287.45. |

Counsel for respondent filed objections to it, urging that the $215.45 item is excessive, and furthermore, that there having been three appellants, only one-third of whatever amount appellants are entitled to can be paid pursuant to the bill filed. The clerk, in passing upon the objections to the cost bill allowed all of the items in full, as claimed by appellant, except the item of $215.45, and of that he held that respondent is liable for $148.50 only, making a total for which respondent is held liable of $220.50. However, there being three appellants, he held that costs could be taxed in the sum of only $73.50, under the cost bill filed.

An appeal was taken pursuant to the rule. But one question is presented on this appeal, viz., did the clerk err in holding that only one-third of the cost incurred by appellants could be recovered? We think he did.

The cost bill is verified by Anthony Jurich, one of the attorneys for the appellant, who swore that he was better informed relative to the costs incurred than the Argus Mines Company. So far as appears, he paid out all of the money expended or incurred by appellants. There are receipts in the files for money paid by him covering the first two items, and there is an affidavit of Clara Murdock Vargas filed by respondent, wherein she states that she was paid by Jurich for transcribing the testimony in the case. Thus it would appear that the fact is that the attorney for the Argus Mines Company actually paid out the money on account of the expenses incurred in this appeal.

We have never understood that when there are several parties appealing jointly, they must all join in the affidavit as to the costs. We think each should be considered the agent of the other in such matters, especially when one, or the attorney of one, is better informed as to the matter than the parties themselves. If the expense has been incurred, an appellant, or the appellants, may recover, and we think one may recover for all.

It is ordered that the ruling of the clerk be modified in accordance herewith, and that costs be taxed in favor of appellants in the sum of $220.50.