## RICHMOND MACHINERY CO. v. BENNETT

No. 2636

November 3, 1924.                    229 Pac. 1098.

1. MECHANICS' LIENS—LIEN STATEMENT HELD TIMELY FILED.
   Where purchase price of pulley was to be amount paid by seller for new pulley to replace that sold, plus transportation and installation expenses, lien statement filed under Rev. Laws, sec. 2217, within 50-day period after installation of new pulley on seller's engine, was timely.

2. MECHANICS' LIENS—STATUTES LIBERALLY CONSTRUED.
   Mechanics' lien statutes are to be given liberal construction.

3. ACTION—DENYING APPLICATION TO MAKE THIRD PERSON PARTY DEFENDANT AFTER PARTIES RESTED HELD NOT ABUSE OF DISCRETION.
   In suit to foreclose mechanic's lien, denial of application of third person to be made party defendant after case was tried and parties rested was not abuse of discretion; applicant not being prejudiced by judgment in action in which he was not party.

4. MECHANICS' LIENS — LAND ON WHICH IMPROVEMENT PLACED WITH OWNER'S KNOWLEDGE HELD PROPERLY SUBJECTED TO LIEN.

Where owner of land on which improvements were placed with his knowledge in another's mill did not give notice under Rev. Laws, sec. 2221, that he would not be responsible for improvements thereon, his interest was subject to mechanics' liens.

5. ACTION — REFUSAL TO CONSOLIDATE ACTIONS TO FORECLOSE LIENS HELD ABUSE OF DISCRETION.

Refusal to sustain motion to consolidate actions to foreclose mechanics' liens *held* an abuse of discretion.

See (1, 3, 4) 27 Cyc. p. 773, n. 39; p. 775, n. 52; p. 779, n. 84; (2) 27 Cyc. p. 20, n. 26; (5) 1 C. J. sec. 327, p. 1129, n. 75.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by the Richmond Machinery Company against W. S. Bennett and others. From judgment for plaintiff, and order denying a new trial, defendants appeal. **Remanded, with instructions to consolidate cases; otherwise affirmed. Rehearing denied.**

*A. Jurich* and *J. M. Lockhart,* for Appellants:

It was duty of court to order consolidation. All liens should be disposed of in one action. Law contemplates all claimants shall be brought in and their rights determined in one proceeding. Rev. Laws, 2224; Lonkey v. Well, 16 Nev. 277; Daly v. Lahontan Mines Co., 39 Nev. 29.

Lien must be filed not later than fifty days after delivery of material. Rev. Laws, 2217. Period runs from date when last item is actually delivered, regardless of anything else. 27 Cyc. 140; Beatty v. Mills, 45 Pac. 468.

Complaint and lien notice conveyed impression material was delivered in September when in truth it was delivered in June, plainly violating Rev. Laws, 2217, and misleading plaintiffs to their prejudice.

Though lien law should be liberally construed, being creature of statute, compliance with its terms is required. Daly v. Lahontan Mines Co., supra. Lien cannot be enforced if statement therein is untruthful. Santa Monica v. Hege, 51 Pac. 555.

Respondent claimed as materialman in lien notice, complaint, and in testimony, and cannot claim as contractor for first time in this court. One who delivers or installs material for another is materialman. Caulfield v. Polk, 46 N. E. 932; Pubh v. Moxley, 128 Pac. 1039.

*Chandler & Quayle,* for Respondent:

Lien statutes should be liberally construed. Substantial compliance only is required. Aim is to do justice to all. Lamb v. Mining Co., 37 Nev. 9; Ferro v. Bargo Co., 37 Nev. 135.

Consolidation of liens is in discretion of court. Rev. Laws, 2224; Lonkey v. Wells, Elliott v. Ivers, and Daly v. Lahontan M. Co., cited, do not present question of consolidation, and are not applicable.

Pulley in question was not carried in stock, but was stripped from another engine as an accommodation to appellants, and on special agreement that it should be replaced by one from factory and charged for at costs of replacement, freight, etc. It does not lie in mouth of appellants now to deny terms of special contract made at their solicitation and for their accommodation. Contract was not completed until new pulley was received and installed and bills and charges known. Allegation not denied is admitted. Even finding of fact will not prevail against admission in answer. Nosler v. Haynes, 2 Nev. 56.

Time runs either from last physical delivery or date of completion of contract, depending upon whether one is materialman or contractor. Respondent was original contractor dealing directly with owner, and was entitled to fifty days after completion of contract. Salt Lake Hdw. Co. v. Chainman etc. Co., 128 Fed. 509.

Special contracts may be entered into, disassociated from actual delivery, which govern the date from which the time begins to run. Marble v. Jones Co., 28 N. W. 309; Gordon Hdw. Co. v. San Francisco etc. Co., 65 Pac. 125.

Owner having knowledge of improvement being made must post notice of nonresponsibility and cannot rely on

provision of recorded lease or contract with occupant to protect him. Rev. Laws, 2221; Ah Louis v. Harwood, 74 Pac. 741; Pac. Sash and Door Co. v. Bumiller, 124 Pac. 230. Method prescribed is exclusive. Rosina v. Trowbridge, 20 Nev. 105; Gould v. Wise, 18 Nev. 253.

## OPINION

By the Court, COLEMAN, J.:

This is an appeal from a judgment foreclosing a mechanic's lien and from an order denying a motion for a new trial.

1. The first error assigned is that the lien statement was not filed within the time provided by law. The defendants were engaged in operating a mill, and while so engaged found it necessary to procure a friction clutch pulley. Their representatives went to Salt Lake City and called at plaintiff's place of business to procure the pulley. The plaintiff had none in stock, and informed them that it would take from 60 to 90 days to get one from the factory. Defendants were anxious to get the pulley at once, and induced the plaintiff to take one from an engine equipped with such a pulley and to order another from the factory to replace the one so taken, with the understanding that upon its arrival it should be placed upon the engine in lieu of the one taken off and shipped to defendants, and that defendants would pay plaintiff the price of the new pulley, plus the expense of transportation and installation. With this understanding the defendants received the pulley so taken off the engine in June, 1920. The plaintiff received the new pulley, and had it placed on the engine September 15, 1920, at which time the defendants were charged with the pulley and all expenses as agreed. The lien statement was filed within the 50-day period provided by statute from September 15, but not within 50 days after the pulley taken from the engine was received by the defendants; hence the contention made.

The section (2217, Rev. Laws), pursuant to which

the lien statement was filed, reads: " * * * Every person claiming the benefit of this chapter shall, not earlier than ten days after the completion of his contract, or the delivery of material by him, or the performance of his labor, as the case may be, and not later than fifty days after filing of the owner or other person as aforesaid of the affidavit hereinbefore provided for, or within fifty days after the performance of any labor in a mining claim, file for record" with the county recorder his lien statement.

2.   On the part of the plaintiff it is contended that the time in which to file the lien did not begin to run until the completion of the contract under which the pulley was taken from the engine (which was on September 15), and hence the lien statement was filed within the time limit provided by the statute. We think the contention of the plaintiff should be sustained. The statute clearly contemplates one of three contingencies upon which a lien statement may be filed: (1) The completion of the contract; (2) the delivery of the material; and (3) the performance of labor.   In the instant case, in the very nature of things, the plaintiff could not be in a position to file its lien statement until after the new pulley had been received and put upon the engine, for, until that was done, it could not tell what the expense would be.   If we are to give the lien statute a liberal construction, as we must, there is no escaping this view.   Certainly no lien statement could have been filed until the amount due was ascertainable, and, in the circumstances of this case, that was utterly impossible until the pulley taken off the engine had been replaced.   A case sustaining this view is that of Marble v. Jones etc., 19 Neb. 732, 28 N. W. 309. That was a case in which a contractor went to a lumber dealer and took several pieces of lumber with the understanding that he might return them, but if he decided to keep them he would notify the company to that effect, when he could be charged with them.   At the end of several days he decided to keep the lumber, so notified the company, and directed that he be charged with them, which was done on the day it received word so

to do. The lien statement was filed within the time allowed by statute from the date of the charge, but not within the time allowed from the date the lumber was taken. The court held that the lien was filed within time, saying:

"Upon the above facts, which were, of course, found to be true by the trial court, I think that September 15, 1882, was the true date of delivery for the purposes of the lien. That was the date upon which plaintiff was authorized to charge these items up to the defendants, or either of them; and clearly, if the books of the plaintiff were properly kept and the items charged under the proper dates, it must be held to be in time if it proceeded to file the lien within the statutory limitation after such dates."

3. It is contended that the court erred in denying the application of one McCulloch to be made a party defendant. This application came after the case had been tried—after the parties plaintiff and defendant had rested their case. The court did not abuse its discretion. Had application been made in apt time, it would have been the better practice to grant the application. No prejudicial error was committed, for, as pointed out in Rosina v. Trowbridge, 20 Nev. 105, 17 P. 751, the applicant could not be prejudiced by a judgment in an action to which he was not a party.

4. It is also contended that the court erred in not entering judgment in favor of the defendant Argus Mines Company. This contention is based upon the fact that the mill operated by the other defendants is upon ground held under an agreement of sale by them from the Argus Company, which authorized the holders of the option to remove the mill in case of their failure to purchase the property. Section 2221, Rev. Laws, under which the lien is claimed, reads:

"Every building or other improvement, * * * constructed upon any lands with the knowledge of the owner * * * shall be held to have been constructed at the instance of such owner, * * * and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless

such owner   *   *   *   shall, within three days after he shall have obtained knowledge of the construction, alteration or repair, or the intended construction alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect," etc.

The contention made is based upon the theory that the property of the Argus Company was in no way benefited by the improvements put on the mill.

Our statute provides that the real estate upon which improvements are placed with the knowledge of the owner shall be subject to a lien, unless the owner posts a notice to the effect that he will not be liable. There is no exception provided in the statute within which the Argus Company falls, and we do not feel justified in reading an exception into it. It is a broad, comprehensive statute, but contains a provision whereby the Argus Company might have relieved its property of all liability had it seen fit to do so. We see no escape from the plain language of the statute. Ah Louis v. Harwood, 140 Cal. 500, 74 P. 41; Pacific Sash & D. Co. v. Bumiller, 162 Cal. 664, 124 P. 230, 41 L. R. A. (N. S.) 296; Evans v. Judson, 120 Cal. 282, 52 P. 585; West Coast Lumber Co. v. Apfield, 86 Cal. 335, 24 P. 993; Leoni v. Quinn, 189 Cal. 622, 209 P. 551; S. H. Lumber Co. v. Brown, 165 Cal. 193, 131 P. 368.

But we think our own court has decided the question. In Gould v. Wise, 18 Nev. 253, 3 P. 30, it was held that a lien might be had for labor rendered in operating a mill. Certainly labor performed in operating the mill in question in no way tended to improve the mining property upon which the mill was situated. It was said in that case:

"But the interest of the owner may be subjected to lien claims, notwithstanding the labor and materials have not been furnished at his instance if, knowing that alterations or repairs are being made or are contemplated, he fail to give notice that he will not be responsible therefor, as provided in section 9 of the act."

There is no merit in the assignment to the effect that there is a variance between the statement in the lien

and the allegations in the complaint. What we have said relative to the right of a lien for the pulley disposes of this assignment.

5. We think the court abused its discretion in not sustaining the motion to consolidate this case with the Holtzman Case (No. 2634), 48 Nev. 274. The case is remanded, with instructions that the court consolidate these cases; otherwise the judgment and order appealed from are affirmed.

## On Petition for Rehearing

December 13, 1924.

*Per Curiam:*

Rehearing denied.

## On Costs

February 9, 1925.                                   232 Pac. 1082.

1. Costs—Defendants Entitled to Costs on Appeal; where Cases Not Tried Together, and Testimony in One Not Available for Bill of Exceptions in Other, Prevailing Parties Entitled to Separate Costs.

Where defendants sought to have their cases consolidated for trial in lower court, but motion was denied, and on appeal all of defendants' assignments of error except as to refusal to consolidate cases were overruled and case was remanded, with instructions that cases be consolidated, relief obtained by defendants on appeal entitled them to recover costs, and as cases were separately tried, and testimony in one case could not be made basis of bill of exceptions in other, defendants were separately entitled to costs incurred on appeal.

See 15 C. J. sec. 597, p. 240, n. 97; sec. 643, p. 257, n. 40.

Opinion on appeal from ruling of clerk in taxation of costs. **Allowance of costs directed.**

## OPINION

By the Court, Coleman, C. J.:

In due time after the filing of the opinion in this case appellants filed their cost bill containing the following items, viz.:

| | |
|---|---|
| County clerk's fee | $32.90 |
| Clerk of this court | 25.00 |
| Typing testimony | 215.45 |
| Typing briefs | 7.85 |

Counsel for respondent filed objections thereto. The clerk sustained the objection to the item of $215.45 for transcribing the testimony, but allowed the other items. Appellants have appealed from the ruling of the clerk.

This is a companion case to Holtzman v. Bennett (No. 2634) 232 P. 1081 and Holtzman v. Bennett (No. 2635) 232 P. 1082. The defendants in these lien cases sought to have them consolidated for trial in the lower court, but, upon objection on the part of plaintiffs, the motion was denied. The defendants appealed to this court, assigning several errors, but they were all over-ruled except the one pertaining to the refusal of the court to consolidate the cases, and, as to that, the case was remanded, with instructions that the cases be consolidated.

The reason assigned by the clerk for disallowing the item of $215.45 in toto is that the transcript of the evidence in this case is the same as in case No. 2634, and to allow a charge for it would be to permit double payment for only one expenditure. We think the clerk is in error. The two cases were not tried together, and the testimony in one case could not be the basis of a bill of exceptions in the other case.

It is contended by the respondent that the appellant obtained no such relief in this court as entitled it to recover its costs on appeal. We cannot agree with this view. The costs in this kind of cases are usually considerable, both before and after judgment, and necessarily they are multiplied when there are two trials instead of one. We need not point out all of the possibilities in this direction. We think the appellants are entitled to recover all of their legitimate expenditures incurred on this appeal.

It is ordered that the appellants be allowed so much of the item of $215.45 as they actually expended, not to exceed the amount fixed by the rule of court, in addition to the items allowed by the clerk, to be calculated and fixed by the clerk, with right of appeal therefrom by either party within the usual time.

SECOND OPINION—ON COSTS

May 1, 1925.                                    235 Pac. 1117.

By the Court, COLEMAN, C. J.:

Subsequent to our former opinion in this case relative to costs the clerk of the court taxed the costs as follows:

| | |
|---|---:|
| County clerk's fee | $ 32.90 |
| Clerk of this court | 25.00 |
| Typing testimony | 189.07 |
| Typing briefs on appeal | 7.85 |

Counsel for respondent have appealed from the allowance of the item of $189.07, upon the ground that it is excessive, in that, as is claimed, it is a copy of the testimony taken in the case of Holtzman v. Bennett et al. (No. 2634), 48 Nev. 274, 229 P. 1095. An inspection of the record in the case of Holtzman v. Bennett et al. shows that it came on for trial before the lower court on March 4, 1922, whereas this case came on for trial on March 10, 1922. Furthermore, the first witness called in one of the cases was W. H. Fuller, while the first witness called in the other was Vail M. Pittman. It also appears from the record in the two cases that the matters involved were entirely different, and hence the evidence in the two cases could not be the same. Case No. 2634 was to recover for work and labor, while case No. 2636 was to recover the price of a pulley bought in Salt Lake City. We do not take it to be our duty to read every line of the testimony in these two cases to ascertain if there is any similarity in the testimony, and, if so, upon conjecture determine if any portion of it by chance could have been used in another case. There is a limit beyond which we should not be expected to go. The ruling of the clerk is sustained, and it is ordered that a remittitur issue forthwith.