## HOLTZMAN v. BENNETT, Et Al.

No. 2635

November 3, 1924.                    229 Pac. 1097.

1. MECHANICS' LIENS — PARTY OWNING INTEREST IN PROPERTY AGAINST WHICH MECHANICS' LIENS ASSERTED IS PROPER PARTY DEFENDANT.

Where party had interest in property against which mechanics' liens were asserted, there was no error in making him party defendant.

2. PLEADING—LIMITING TIME WITHIN WHICH PARTY DEFENDANT MUST PLEAD HELD WITHOUT ERROR.

Where party, having interest in mine against which mechanics' liens were asserted, and who was made a party defendant, had represented another defendant in preparing defense identical with his own, there was no error in limiting his time in which to plead.

See (1) 27 Cyc. p. 779, n. 84; (2) 31 Cyc. p. 132, n. 29.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by R. H. Holtzman against W. S. Bennett and others. From judgment for plaintiff and order denying a new trial, defendant H. G. McCulloch appeals. **Affirmed, subject to order of modification. Rehearing denied.**

*A. Jurich,* for Appellant McCulloch:

Adopts brief in No. 2634, supra.

*Chandler & Quayle,* for Respondent:

Adopt brief in No. 2636, infra.

## OPINION

By the Court, COLEMAN, J.:

This case is before the court upon a separate appeal by the defendant H. G. McCulloch. The record in the case is identical with that of the case of Holtzman v. Bennett et al. (No. 2634) 229 P. 1095, this day decided. That appeal is from the judgment and order denying a motion for a new trial.

All of the questions presented herein are disposed of

in case No. 2634, except the one hereinafter considered, and we need not reconsider questions so disposed of.

1, 2.   It is insisted that the court erred in ordering that appellant be made a party defendant in this case and in limiting the time in which he should answer. Counsel occupies a rather anomalous position in insisting that the court erred in making the appellant a defendant in this case and in insisting that it erred in not making him a defendant in the case of Richmond Machinery Co. v. Bennett et al. (No. 2636) 229 P. 1098. The court did not err in ordering that the appellant be made a party defendant when it was made to appear that he held an interest in the property, nor did it commit prejudicial order in limiting his time in which to plead.   He testified that he at all times represented the defendant Argus Mines Company in preparing for its defense, which is identical to that of appellant.

It not appearing that the appellant was in any way prejudiced, it is ordered that the judgment appealed from be affirmed, subject to an order of modification as made in case No. 2634.

### On Petition for Rehearing

December 13, 1924.

*Per Curiam:*

Rehearing denied.

### On Costs

February 9, 1925.                                     232 Pac. 1082.

1. COSTS—PARTY RELYING SOLELY UPON TRANSCRIPT IN ANOTHER CASE, AND NOT INCURRING ANY EXPENSE, NOT ENTITLED TO INCLUDE ITEMS IN COSTS ON APPEAL.
   Where a party did not file a separate transcript, but relied solely upon transcript in another case, and was put to no expense in preparing and filing transcript of record and other papers, he is not entitled to include items in costs on appeal.

See 15 C. J. sec. 661, p. 265. n. 74.

Opinion on appeal from ruling of clerk in disallowing claim for costs.   **Ruling sustained.**

## OPINION

By the Court, COLEMAN, C. J.:

Respondent filed objections to the cost bill presented by the appellant in this case, and the clerk sustained the objections, disallowing the claim. We think the ruling is correct.

This appellant did not file a separate transcript, but relied solely upon the transcript in the case of Holtzman v. Bennett (No. 2634), 232 P. 1081. He was put to no expense in any way in preparing and filing a transcript of the record and other papers in the above entitled case.

We are at a loss to understand upon just what theory double payment of an expenditure can be demanded. See Dralle v. Town of Reedsburg, 140 Wis. 319, 122 N. W. 771.

The ruling is sustained.